**MOTORS INSURANCE COMPANY,**
Plaintiff,

v.

**UNITED STATES of America,**
Defendant.

United States District Court
S. D. New York.

Feb. 8, 1965.

Dillon & Haber, New York City, for plaintiff; Maxwell D. Weinstein, New York City, of counsel.

Robert M. Morgenthau, U. S. Atty., for the Southern District of New York, for the United States; Dawnald R. Henderson, Asst. U. S. Atty., of counsel.

McLEAN, District Judge.

Plaintiff brings this action under the Tort Claims Act (28 U.S.C. § 1346(b)). The complaint alleges that on August 22, 1963, the aircraft carrier Essex was docked at Pier 86 in New York, that defendant's "agents, servants and/or employees" were engaged in spray painting her, and that because of their negligence, some of the paint came in contact with an automobile owned by plaintiff's insured which was parked in a nearby parking lot.

Defendant moves under Rule 12(b) (6) to dismiss for failure to state a claim. The ground of the motion is that the Tort Claims Act gives no right of action for such an injury and that plaintiff's remedy is in admiralty.

The jurisdiction of tort claims against the United States conferred by the Tort Claims Act (28 U.S.C. § 1346(b)) is expressly made "subject to the provisions of chapter 171 of this title." 28 U.S.C. § 2680(d), which is in chapter 171, provides that Section 1346(b) shall not apply to:

"Any claim for which a remedy is provided by sections 741–752, 781–790 of Title 46, relating to claims or suits in admiralty against the United States."

46 U.S.C. §§ 781–790 is the Public Vessels Act. Section 781 provides that a suit in admiralty may be brought against the United States "for damages caused by a public vessel of the United States."

46 U.S.C. § 740 is the Extension of Admiralty Act. It provides:

"The admiralty and maritime jurisdiction of the United States shall extend to and include all cases of damage or injury, to person or property, caused by a vessel on navigable water, notwithstanding that such damage or injury be done or consummated on land."

This section further provides that:

" * * * as to any suit against the United States for damage or injury done or consummated on land by a vessel on navigable waters, the Public Vessels Act or Suits in Admiralty Act, as appropriate, shall constitute the exclusive remedy for all causes of action arising after June 19, 1948 * * *."

It is clear from these statutory provisions that plaintiff's only remedy is in admiralty if the damage for which he seeks recovery was "caused by a vessel," within the meaning of these statutes.

The Public Vessels Act is not limited to actions in which the vessel itself was the instrument which caused the damage. It applies as well to cases where the damage was caused by the negligence of the vessel's personnel. Canadian Aviator, Ltd. v. United States, 324 U.S. 215, 65 S.Ct. 639, 89 L.Ed. 901 (1945).

The Extension of Admiralty Act has been held to apply where plaintiff slipped on beans that had fallen on a pier in the course of unloading the vessel by virtue of the negligence of the vessel's owner. Gutierrez v. Waterman S. S. Corp., 373 U.S. 206, 83 S.Ct. 1185, 10 L.Ed.2d 297 (1963).

These decisions are controlling here. The motion is granted. The action is dismissed without prejudice to the institution of a new action in admiralty.

So ordered.